## John Fowle *vs.* William D. Merrill & others.

A power of sale in a mortgage of land, which authorizes the mortgagee to advertise and sell at auction the mortgaged premises, including all equity of redemption in the mortgagor does not authorize a sale of the equity of redemption separately; and if the notice of sale states only that the mortgagor's equity of redemption will be sold, it is insufficient, and a sale of the premises under such a notice is invalid and passes no title to a purchaser which will bar the right of redemption.

Hoar, J. The plaintiff purchased of the assignees in insolvency of Enoch Bartlett, one of the defendants, the equity of redemption from a mortgage made by Bartlett to Merrill, another defendant, and brings this bill to redeem. The only defence to the bill is a sale and conveyance of the mortgaged premises under a power of sale contained in the mortgage deed; and if that sale was ineffectual, the right of redemption is not denied.

The objections urged against the regularity and lawfulness of the proceedings in the attempt to execute the power of sale are formidable as well as numerous; but one of them is so plainly decisive that it is needless to consider the rest.

The power in the mortgage authorized the mortgagee, upon default made by the mortgagor, " to enter into and upon all and singular the premises hereby granted or intended to be granted, and to sell and dispose of the same, and all benefit and equity of redemption of the said Bartlett, his heirs, &c., therein, at public auction, such sale to be upon the premises hereby granted, first giving notice of the time and place of sale by publishing the same once each week in three successive weeks in some news-paper printed in the county of Suffolk," &c. The only notice published announced that the mortgagee would sell at public auction, at a time named, " all the equity of redemption of the said

Enoch Bartlett in and to all the premises contained in said mortgage deed, described as follows," &c. This was an advertisement of the intended sale of only the equity of redemption, and not of the whole estate in the land. It offered to the public only the mortgagor's interest in the premises, and did not include the mortgagee's. The power was to sell the whole estate, including the equity of redemption; and gave no authority to sell the equity of redemption alone. If only the equity were to be sold, it is difficult to see what would become of the mortgage. Certainly, a person who might wish to purchase would only infer from the advertisement that he could buy an estate on which the incumbrance would continue. As the notice of sale was not in conformity with the power of sale in the mortgage deed, the attempted sale in pursuance of it was ineffectual, and passed no title which can bar the right of redemption.

The case must therefore go to a master to ascertain and report the sum due on the mortgage, and the plaintiff will have a decree for redemption on the payment of that amount. If the tender made was sufficient, he will also be allowed his costs, which in that case are within the discretion of the court to refuse or grant. Gen. Sts. *c.* 140, § 21. It does not appear that the litigation has been occasioned by anything else than the attempt of the defendants to enforce and insist upon the invalid sale of the land, and the plaintiff is therefore the prevailing party, and entitled to costs unless there is some controlling equity against him.

*F. W. Palfrey,* for the plaintiff, cited, upon the point decided, *Smith* v. *Provin,* 4 Allen, 516; *Whiting* v. *Hadley,* 3 Ib. 357; *Fenner* v. *Tucker,* 6 R. I. 551; *Hoffman* v. *Anthony,* Ib. 282; *Fitzpatrick* v. *Fitzpatrick,* Ib. 64.

*H. G. Parker,* for the defendants. The notice of the sale of the equity was good. The agent may deviate from the letter of his authority, if he does not exceed his right or duty. Story on Agency, §§ 79, 85. 2 Kent Com. (6th ed.) 614. *Judson* v. *Sturges,* 5 Day, 556. The defendants are, in any event, entitled to costs, because their present position is owing to the laches of the plaintiff, who did not pay the mortgage debt when it became due.